This case is now before the court on plaintiffs motion for partial summary judgment.
Plaintiff and its consolidated subsidiaries (collectively "plaintiff’) are life insurance companies. The underlying suit in this case is on plaintiffs claim for the refund, with interest, of $38,237.14 that was collected by the defendant in 1978 as deficiency interest on tax liability allegedly incurred by the plaintiff in 1972. Plaintiff, in its petition, asserts various reasons why it believes it had no taxable income for that year.
In this motion for partial summary judgment, plaintiff is advancing only two of its claims: 1) under I.R.C. § 809 that the deduction limitation in subsection (f) should have been applied separately to the deductions of each of its constituent companies instead of to their aggregated deductions and 2) under I.R.C. § 804 that a small business deduction should have been allowed, as modified by § 1564, to each constituent company instead of one such deduction for the group. Allowance of these deductions would have fully offset plaintiffs taxable income.
Defendant, by its response to plaintiffs motion, declines to defend and does not oppose the entry of judgment against it as to the issues which are the subject of the motion. Defendant asserts that anticipated changes in the filing regulations for life insurance companies make it inappropriate to take a position at this time. Accordingly, judgment will be entered against defendant.
Although we note plaintiffs desire that this court reach a judgment on the merits of its arguments, we do not do so. Plaintiff deserves a final settlement of its two claims before us now and receives one by this order, but we think it unsuitable to rule on the merits with respect to the legal issues where only one side of the case has been presented on the briefs. As we said in Hotel Conquistador, Inc. v. United States, 220 Ct. Cl. 20, 597 F.2d 1348 (1979), cert. denied, 444 U.S. 1032 (1980), "a party who has sued the United States in this court in a tax case is entitled to a trial or * * * a decision on dispositive motion, in this forum, unless the United States is willing to have judgment entered against *531 it.” 220 Ct. Cl. at 33, 597 F.2d at 1355. The United States is so willing here.
it is therefore ordered that the plaintiffs motion for partial summary judgment is granted and that the plaintiff is entitled to a refund of $38,237.14, plus interest as provided by law.